**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**June 13, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

**No. 02-41303**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE SOSA-FUENTES,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(L-02-CR-436-02)**

---

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Sosa-Fuentes appeals his guilty plea conviction for possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a) and (b). He contends: the factual basis was insufficient to support his guilty plea as required by FED. R. CIV. P. 11(b)(3) (formerly 11(f) (amended 1 December 2002)); the district court did not adequately explain the nature of the charge as required by FED. R. CIV. P.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

11(b)(1) (formerly 11(c)(1) (amended 1 December 2002)); and 21 U.S.C. § 841(a) and (b) are unconstitutional in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Sosa's contentions are raised for the first time on appeal; therefore, they are reviewed only for plain error. *See **United States v. Vonn***, 535 U.S. 55, __, 122 S. Ct. 1043, 1046 (2002); ***United States v. Marek***, 238 F.3d 310, 314 (5th Cir.) (en banc) (applying plain error review, not any evidence standard, to sufficiency challenge under Rule 11(f) (amended as Rule 11(b)(3)), *cert. denied*, 534 U.S. 813 (2001). For plain error, we must find a clear or obvious error that affected substantial rights. Generally, we will reverse for such error only if not correcting it would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *E.g., **Marek***, 238 F.3d at 315.

The factual basis for Sosa's plea stated: Sosa was found near eight sacks of marijuana; the marijuana weighed approximately 190 kilograms; and Sosa confessed and judicially admitted to "knowingly and intentionally possessing the marijuana with the intent to distribute it". At rearraignment, Sosa was advised: he was pleading guilty to knowingly possessing marijuana with the intent to distribute it; and the amount was alleged to be more than 100 kilograms. Based upon the foregoing, the district court's finding there was a sufficient factual basis for Sosa's guilty plea was not clear or obvious error. *Id.* The record also indicates that Sosa

2

understood the nature of the charge; he has failed to meet his plain error burden with respect to his contention under Rule 11(b)(1).  *See United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002).

Concerning the contention that 21 U.S.C. § 841 is facially unconstitutional in the light of *Apprendi*, Sosa concedes his claim is foreclosed by circuit precedent; he raises it only to preserve it for Supreme Court review.  *See United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001).

*AFFIRMED*